UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAQUAN DEVOTA HARRIS,

                         Plaintiff,

            -against-

CYA MANAGEMENT, ET AL.,

                         Defendants.

23-CV-4599 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his rights under the Fourth Amendment. By order dated June 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially

plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that

the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must

accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79

(2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of

action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating

legal conclusions from well-pleaded factual allegations, the Court must determine whether those

facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id*.

## BACKGROUND

Plaintiff's complaint, which is challenging to read because of his illegible handwriting,

names the following defendants: (1) CYA Management ("CYA"), a property management

company located in Lynbrook, New York; (2) Juan, a worker in the building; (3) Luis Baptist,

Plaintiff's landlord; (4) Melissa, a CYA account manager; (5) Sharda, a CYA account manager;

and (6) Ms. Nicovick, a CYA representative. To the extent the Court is able to understand

Plaintiff's allegations, he brings Fourth Amendment and other constitutional claims arising from

several "home invasions" that took place from 2021 to 2023, in his apartment in a building

located at 528 E. 142nd Street in Bronx, New York. (ECF 1, at 5.) He seeks injunctive relief and

money damages.

The following information is taken from the complaint. From 2021 to 2023, incidents relating to Plaintiff's apartment were recorded on camera. CYA "was ordered by super name Luis to review and send cop[ies] of crimes at large recording" to Plaintiff's email address, but Melissa, Sharda, and Ms. Nicovick refused. (*Id*. at 6.)[1] Along with the CYA employees, Plaintiff's landlord, Luis Baptist, was also notified. Plaintiff's "constitutional rights were violated however (broken sink shower pipes electrical system)." (*Id*.)

In January, November, and December 2022, Plaintiff "was victimized [by] cycles of home invasions" because his apartment door was "broken open and left open for two weeks." (*Id*. at 6-7.) The building management was aware of the broken door but the "super and landlord turn[e]d the other cheek "and CYA ignored Plaintiff's emails about the home invasions and existing camera footage. At some point, "Juan notified by Luis about work orders," but "Luis and Juan violated policy [indecipherable] work orders as of [Plaintiff's] apt door broke open and never repair[e]d. (*Id*. at 7.) Because of the broken door, "men trespassed" into Plaintiff's apartment and "threw [him] down the stairs," and another man broke into his apartment and punched him repeatedly in the face. (*Id*. at 7.) Plaintiff suffered broken bones on his face, which required surgery.

**DISCUSSION**

**A.    Federal Claims**

Plaintiff invokes the Court's federal question jurisdiction and asserts that Defendants violated his federal constitutional rights, including his rights under the Fourth Amendment. The Court therefore construes Plaintiff's claims as arising under 42 U.S.C. § 1983. Section 1983

---

[1] Plaintiff writes using irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint. All other grammar, spelling, and punctuation are as in the original unless otherwise indicated.

provides redress for a deprivation of federally protected rights by persons acting under color of state law. 42 U.S.C. § 1983; *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978). To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff cannot, however, assert viable constitutional claims against his landlord, CYA, or their employees under Section 1983. A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants CYA, Juan, Baptist, Melissa, Sharda and Nicovick are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against these defendants under Section 1983.

Plaintiff should note that federal courts generally do not have federal question jurisdiction of landlord-tenant matters, even when those claims reference or purport to rely on federal law. *See, e.g.*, *Ally v. Sukkar*, 128 F. App'x 194, 195 (2d Cir. 2005) (amended summary order) ("[A] landlord-tenant dispute [is one] over which the federal courts simply have no [federal question] jurisdiction." ); *29 Flatbush Ave. Assocs., LLC v. Cain*, No. 17-CV-6173, 2017 WL 5696485, at *2 (E.D.N.Y. Nov. 27, 2017) ("The law is well settled that the landlord-tenant relationship is fundamentally a matter of state law, and federal courts lack subject-matter jurisdiction over state residential landlord-tenant matters."); *United Mut. Houses, L.P. v. Andujar*, 230 F. Supp. 2d 349,

354 (S.D.N.Y. 2002) (noting that  the landlord-tenant relationship is fundamentally a matter of state law" and that "[t]ime and again, district courts have disclaimed jurisdiction over landlord-tenant disputes") (citation and quotations marks omitted)). There is no constitutional guarantee of adequate housing and federal law generally does not regulate disputes between landlords and tenants. See *Lindsey v. Normet*, 405 U.S. 56, 74 (1972). ("We are unable to perceive in [the Constitution] any constitutional guarantee of access to dwellings of a particular quality . . . [a]bsent constitutional mandate, the assurance of adequate housing and the definition of landlord-tenant relationships are legislative, not judicial, functions").

**B.    State law claims**

Although Plaintiff does not invoke state law, a *pro se* litigant's complaint generally must be liberally construed as including related state law claims. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 158 (2d Cir. 2017). Plaintiff has not, however, alleged facts suggesting that the Court has diversity of citizenship jurisdiction under 28 U.S.C. § 1332 to consider any state law claims he may be asserting.[2]

Furthermore, a district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed

---

[2] To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Here, Plaintiff fails to demonstrate diversity of citizenship because he alleges that he and Defendants all reside in the State of New York.

the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C.     Leave to Replead**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**D.     Warning to Plaintiff**

Plaintiff has previously filed a number of *pro se* cases in this court, all of which have been dismissed for failure to state a claim, on immunity grounds, or for lack of subject matter jurisdiction. *See Harris v. Denully*, ECF 1:23-CV-4601, 5 (LTS) (S.D.N.Y. Oct. 4, 2023) (dismissing complaint for failure to state a claim and on immunity grounds); *Harris v. Vassallo*, ECF 1:23-CV-4440, 6 (LTS) (S.D.N.Y. Sept. 26, 2023) (dismissing complaint for failure to state a claim and on immunity grounds); *Harris v. Denully*, ECF 1:20-CV-1307, 14 (LLS) (S.D.N.Y. Dec. 30, 2020) (dismissing complaint for failure to state a claim); *Harris v. Gittens*, ECF 1:20-CV-1306, 8 (CM) (S.D.N.Y. Mar. 20, 2020) (dismissing complaint for failure to state a claim and on immunity grounds); *Harris v. Mt. Sinai St. Lukes*, ECF 1:20-CV-0293, 7 (CM) (S.D.N.Y. Feb. 21, 2020) (dismissing complaint for lack of subject matter jurisdiction); *Harris v. Harris*, ECF 1:19-CV-11658, 8 (CM) (S.D.N.Y. June 5, 2020) (dismissing complaint for failure to state

a claim); *Harris v. Fuster*, ECF 1:18-CV-10196, 11 (CM) (S.D.N.Y. Mar. 29, 2019) (dismissing complaint for failure to state a claim and for lack of subject matter jurisdiction);

Plaintiff has been warned that, if he continues to abuse the privilege of proceeding IFP, he would be ordered to show cause why he should not be barred, under 28 U.S.C. § 1651, from filing new actions IFP in this court without prior permission. *See Harris v. Vassalo*, ECF 1:23-CV-4440, 6. The Court now reiterates that warning. Should Plaintiff persist in filing actions of which the court lacks jurisdiction or that are frivolous or otherwise nonmeritorious, the Court will order him to show cause why he should not be barred under Section 1651 from filing new actions IFP without prior permission. This warning is necessary to conserve this court's judicial resources. *See generally*, *In Re McDonald*, 489 U.S. 180, 184 (1988).

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). All other pending matters in this case are terminated.

Plaintiff is also warned that further nonmeritorious, vexatious, or frivolous litigation in this court may result in an order barring him from filing any new actions without prior permission.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:    January 2, 2024
          New York, New York

                                    /s/ Laura Taylor Swain
                                  LAURA TAYLOR SWAIN
                                Chief United States District Judge